# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| In re:<br><br>**WIRELESS ADVOCATES, LLC**<br><br>Debtor | **Bankr. Case No. 23-10117-TWD** |
| **JASON KARROLL, on behalf of himself and all other similarly situated**<br><br>Plaintiff<br><br>v.<br><br>**WIRELESS ADVOCATES, LLC**<br><br>Defendant | **Adv. Proc. No.** |

**CLASS ACTION ADVERSARY COMPLAINT FOR VIOLATION OF FEDERAL WARN ACT 29 U.S.C. § 2101, ET SEQ.,**

**COMES NOW,** Plaintiff, Jason Karroll, and files this Class Action Complaint against Defendant Car Toys, Inc. on his own behalf and on behalf of over one thousand other employees, challenging Defendant's violation of the federal Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 et seq. (the "WARN Act").

## PARTIES

1. Plaintiff Jason Karroll is an adult resident of South Carolina. Plaintiff worked for Wireless Advocates, LLC prior to his termination on December 5, 2022.

2. Plaintiff brings this lawsuit as a Rule 23 class action on behalf of all affected employees who were employed by Wireless Advocates, LLC and were terminated in connection with the companies' terminations across the United States.

3. Defendant Wireless Advocates, LLC ("Wireless Advocates") is a Washington Limited Liability Company. Its members are residents of the State of Washington.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. . §§ 157, 1331, 1334 and 1367.

5. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B) and (O).

6. This Court has personal jurisdiction over this matter because Wireless Advocates is headquartered in this District and conducts substantial business operations in this District.

## FACTUAL ALLEGATIONS

7. Defendant maintained, owned, and operated multiple kiosks throughout the country.

8. Plaintiff and all other similarly situated employees were terminated on or about December 5, 2022 when Wireless Advocates surprisingly ceased all operations.

9. Dan Brettler, CEO of Wireless Advocates, held a conference call on or about December 5, 2022, in which he announced that all employees of Wireless Advocates were terminated, effective immediately.

10. Plaintiff, like approximately 1800 other Wireless Advocates employees, received this communication on December 5, 2022, stating that he was being laid off, effective immediately.

11. Wireless Advocates did not give 60 days advance written notice to the terminated employees, as required by the federal WARN Act.

12. At all relevant times, Wireless Advocates employed 100 or more employees, exclusive of part-time employees, (i.e., those employees who had worked few than 6 of the 12 months prior to the date notice was required to be given or who had worked fewer than an average of 20 hours per week during the 90 day period prior to the date notice was required to be given), or employed 100 or more employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States.

13. These terminations resulted in the loss of employment for more than 1,700 employees.

## CLASS ACTION ALLEGATIONS

14. Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following Class:

**Nationwide Class**

All persons who were employed by and laid off by Wireless Advocates, LLC as a result of its cessation of operations.

15. Numerosity – Fed R. Civ. P. 23(a)(1). The Class contains more than 1,700 individuals, the joinder of which in one action would be impracticable. The exact number or identification of the Class Members is presently unknown. This identity and number of the Class Members is ascertainable and can be determined from the Defendant's records.

16. Predominance of Common Questions - Fed R. Civ. P. 23(b)(3). The questions of law and fact common to the Class predominate over questions affecting only individual Class Members, and include, but are not limited to:

   a. Whether the Class Members were employees of the Defendant;

1            b.       Whether Defendant gave the requisite 60 days' advanced written notice;

2            c.       Whether Defendant can avail itself of any affirmative defenses;

3            d.       Whether the proposed class has enough members for this class action to proceed;

5            e.       Whether Defendant paid the Class Members 60 days' wages and benefits as required by the WARN Act.

17. Defendant engaged in a common course of conduct giving rise to the legal rights sought to be enforced by Plaintiff individually and on behalf of the other members of the Class. Individual questions, if any, are not prevalent in comparison to the common questions that dominate this action.

18. <u>Typicality – Fed R. Civ. P. 23(a)(3).</u> Plaintiff's claims are typical of those of the members of the Class in that they are based on the same underlying facts, events, and circumstances relating to Defendant's conduct.

19. <u>Adequacy – Fed R. Civ. P. 23(a)(4); 23(g)(1).</u> Plaintiff will fairly and adequately represent and protect the interests of the Class, has no interest incompatible with the interests of the Class, and have retained counsel competent and experienced in such class action litigation.

20. <u>Superiority – Fed. R. Civ. P. 23(b)(3).</u> This case is best suited as a class action because individual litigation of each Class Members' claims would be impracticable and unduly burdensome on the courts. Because of the size of each individual Class Members' claim, no Class Member could afford to seek legal redress for the wrongs identified in the Complaint. A class action in this case presents fewer management problems and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**COUNT I – VIOLATION OF FEDERAL WARN ACT**

21. Plaintiff, by this reference, adopts and re-asserts all allegations, averments, and statements of fact contained in the preceding paragraphs of this Complaint.

22. Plaintiff and other affected employees who have worked for Wireless Advocates are entitled to the rights, protections, and benefits provided under the federal WARN Act, 29 U.S.C. § 2101 et. seq. 24.

23. Defendant is subject to the notice and back pay requirements of the federal WARN Act because Wireless Advocates is a business enterprise that employed 100 or more employees, excluding part-time employees, and/or, employed 100 or more employees who in the aggregate work at least 4,000 hours per week (exclusive of overtime), as defined in the WARN Act. 29 U.S.C. §§ 2101(1)(A) and(B).

24. Defendant engaged in conducting mass layoffs but has not provided affected employees with the required notice under the federal WARN Act.

**JURY DEMAND**

25. Plaintiff requests a trial by jury on these claims.

**WHEREFORE PREMISES CONSIDERED,** Plaintiff requests the Court enter the following relief:

 a. Declare and find that the Defendant has violated the federal WARN Act, 29 U.S.C. § 2101 *et seq.*;

 b. Certify this case as a class action;

 c. Award compensatory damages and penalties, in an amount according to proof;

 d. Award pre- and post-judgment interest;

 e. Award reasonable attorneys' fees, costs, and expenses; and

 f. Award any and all additional relief the Court may deem appropriate.

Respectfully Submitted,
**JOSHUA THOMPSON**

By: /s/ William "Jack" Simpson
WILLIAM "JACK" SIMPSON, MBN 106524
Attorney for the Plaintiffs

**LANGSTON & LOTT, PLLC**
100 South Main Street
Post Office Box 382
Booneville, MS 38829-0382
Telephone: (662) 728-9733
Facsimile: (662) 728-1992
Email: jsimpson@langstonlott.com

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| **PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| | |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) | **ATTORNEYS** (If Known) |
| | |
| **PARTY** (Check One Box Only)<br>☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||||
|---|---|---|---|---|
| NAME OF DEBTOR |||  BANKRUPTCY CASE NO. ||
| DISTRICT IN WHICH CASE IS PENDING ||| DIVISION OFFICE | NAME OF JUDGE |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** |||||
| PLAINTIFF || DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING ||| DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) |||||
| DATE |||| PRINT NAME OF ATTORNEY (OR PLAINTIFF) |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.